IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

CHRISTOPHER J. MORRIS,    )
                          )
        Petitioner,       )
                          )
vs.                       )   Case No. 16-CV-1171-ODS
                          )   Crim. Case No. 04-0414-01-ODS
UNITED STATES OF AMERICA, )
                          )
        Respondent.       )

**ORDER GRANTING PETITIONER'S AMENDED MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**

Pending is Petitioner Christopher J. Morris's Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Doc. #10. Petitioner seeks to be resentenced pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (2015), which held the Armed Career Criminal Act's ("ACCA") residual clause is unconstitutional. The parties have stipulated Petitioner is entitled to post-conviction relief, and the parties agree Petitioner, who was sentenced to 180 months' imprisonment and five years of supervised release, should be resentenced to 120 months' imprisonment and three years of supervised release. Doc. #11. For the following reasons, the Court accepts the parties' stipulation, grants Petitioner's amended motion, vacates Petitioner's sentence, and resentences Petitioner to 120 months' imprisonment and three years of supervised release.

## I. BACKGROUND

On January 25, 2007, this Court resentenced Petitioner to a term of 155 months and 23 days' imprisonment[1] following his conviction of being a felon in possession of a firearm, 18 U.S.C. § 922(g), and after finding he had three qualifying prior convictions that supported imposition of a sentence under the ACCA, 18 U.S.C. § 924(e), based on multiple convictions for burglary. At that time, the Court found each burglary conviction

---

[1] Petitioner was originally sentenced to 188 months' imprisonment, and the resentence occurred after remand from the Eighth Circuit.

was a "violent felony" under the ACCA's residual clause, which defines "violent felony" to include any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

In reliance on *Johnson v. United States*, 135 S. Ct. 2551 (2015), where the Supreme Court held the ACCA's residual clause was unconstitutionally vague, Petitioner seeks relief under 28 U.S.C. § 2255. He asks the Court to vacate his sentence, and resentence him without application of the ACCA's residual clause.

## II. DISCUSSION

The parties filed a stipulation, establishing Petitioner is entitled to relief under *Johnson*. Doc. #11. The Government, through the stipulation, has waived any procedural defenses to the motion, including timeliness. The parties request this Court grant Petitioner's amended motion, and resentence Petitioner to 120 months' imprisonment, the statutory maximum sentence after applying *Johnson* and eliminating the ACCA enhancement.

The Court finds, without objection from the parties, *Johnson* constitutes a new substantive rule of constitutional law that should be applied retroactively to defendants previously sentenced under the ACCA. In light of *Johnson*, the Court further finds, without objection from the parties, that Petitioner's prior Missouri convictions for burglary no longer qualify as "violent felonies" under the ACCA's residual clause. The Court concludes that without those prior convictions, Petitioner does not have three necessary predicate convictions to qualify him for sentencing under the ACCA.

Based on the these findings, the Court concludes Petitioner's currently imposed sentence of 155 months and 23 days is now a per se illegal sentence, not only in violation of the laws of the United States, but also in excess of the ten-year statutory maximum for the federal offense of being a felon in possession of a firearm. Allowing this sentence to remain intact would violate due process, and result in a fundamental miscarriage of justice.

The Court further finds Petitioner's written waiver of his right to personally appear for resentencing (Doc. #11, at 3) was executed knowingly and voluntarily. Fed. R. Crim. P. 43(c)(1)(B) (permitting a defendant to waive his right to be present at sentencing in a

2

noncapital case by). Thus, the Court is authorized to resentence Petitioner without further delay and without his personal appearance.

The Court finds, without objection from the parties and pursuant to Petitioner's waiver, Petitioner should be resentenced to a term of 120 months. The Court directs an amended judgment be entered in Case No. 04-00414-01-CR-W-ODS, substituting 120 months as the term of imprisonment to replace the previously imposed 155 months and 23 days' imprisonment term, and substituting three years of supervised release to replace the previously imposed five years of supervised release. All previously imposed conditions of release shall remain unchanged. Additionally, the following condition shall be added to Petitioner's supervised release: if a viable home plan has not been approved by the date of release from custody, Petitioner shall reside in and satisfactorily participate in a residential reentry center program until an acceptable home plan is approved, but not to exceed a period of 60 days.

Finally, the Court finds that because Morris has already been in custody for more than 120 months by reason of his conviction under 18 U.S.C. § 922(g), he should be released from imprisonment and placed on supervised release without delay.

### III. CONCLUSION

For the reasons set forth above, the Court grants Petitioner's Amended Motion to Correct Sentence under 28 U.S.C. § 2255, vacates Petitioner's previous sentence, and orders Petitioner be sentenced to 120 months' imprisonment and three years of supervised release to follow.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: August 29, 2017    UNITED STATES DISTRICT COURT